**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROBERTO MIRAMONTES
ROMAN,

     Defendant - Appellant.

No. 14-4126
(D.C. No. 2:13-CR-00602-DN-DBP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

     Mr. Roberto Roman was found guilty on state charges of possession

of a dangerous weapon by a restricted person and tampering with evidence;

he was acquitted on an additional charge of aggravated murder. He was

later charged in federal court on 11 counts growing out of the same events.

Mr. Roman argued that the federal prosecution violated the Double

_____

[*] The parties do not request oral argument, and the Court has
determined that oral argument would not materially aid our consideration
of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we
have decided the appeal based on the briefs.

     Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.

Jeopardy Clause. The federal district court rejected this argument, and he renews the argument on appeal.

We must decide: Does the Double Jeopardy Clause prevent federal authorities from prosecuting individuals for federal crimes after state prosecutions for state crimes? We conclude that the dual prosecutions would not violate the Double Jeopardy Clause because our precedent treats federal and state prosecutorial entities as independent sovereigns.

## I.    Standard of Review

In reviewing the district court's ruling, we engage in de novo review. *United States v. Barrett*, 496 F.3d 1079, 1117 (10th Cir. 2007).

## II.    Double Jeopardy

The Double Jeopardy Clause provides that no person should "be twice put in jeopardy" for the same offense. U.S. CONST. Amend. V. In applying this clause, the Supreme Court has recognized the "dual sovereignty doctrine," which provides that two crimes are committed when a defendant commits a single act violating the laws of separate sovereigns. *Heath v. Alabama*, 474 U.S. 82, 88 (1985) (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)). Under this doctrine, prosecution of Mr. Roman by two separate sovereignties did not violate the Double Jeopardy Clause.

Mr. Roman asks us to overrule these Supreme Court precedents. We cannot do that. *See United States v. Barrett*, 496 F.3d 1079, 1119 (10th Cir. 2007) ("To the extent [the defendant] questions the continued viability of the dual sovereignty doctrine . . . this court is bound to follow [*United States v. Lanza*, 260 U.S. 377 (1922)] . . . until such time as the Supreme Court overrules it.").

Under the Supreme Court's dual sovereignty doctrine, the federal prosecution did not violate the Double Jeopardy Clause. Thus, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3